UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

KEVIN JENKINS, )
    *Plaintiff,* )
)
vs. ) CASE NO.
)
AARON LEWIS, )
    *Defendant.* )

# COMPLAINT

Plaintiff, Kevin D. Jenkins, brings this Complaint against Defendant Aaron Lewis and alleges:

1. In the early evening of May 18, 2023, Aaron Lewis was informed that he had been fired as Chairman of the Board of the Free Speech Foundation d/b/a America's Frontline Doctors ("AFLDS") after serving in that capacity for approximately six weeks.

2. AFLDS is a non-profit incorporated in Arizona. At the time of these events, Jenkins served as AFLDS's CEO.

3. Approximately four hours after being fired, Lewis responded in a fit of pique by emailing "An open letter from Dr. Aaron Lewis to AFLDS et al" (the "Open Letter").[1]

4. The Open Letter contains three statements directly defaming Jenkins and falsely accusing him of felonies, as explained below in greater detail.

5. Six days after Lewis published the Open Letter, it was republished on a Telegram channel called "Frontline Flash" with additional defamatory commentary authored by the publisher of the Frontline Flash channel.

6. Jenkins brings this action against Lewis for defamation *per se* and defamation by republication.

---

[1] A true and correct copy of the Open Letter is attached as Ex. 1.

## The Parties, Jurisdiction, and Venue

7. Kevin D. Jenkins is a citizen of Florida and is domiciled in Pasco County, Florida.

8. Aaron Lewis is a citizen of Arizona.

9. This Court has jurisdiction over the parties and the subject matter under 28 U.S.C. § 1332(a)(1), in that the matter under controversy exceeds $75,000, excluding fees and costs.

10. This Court has personal jurisdiction over Lewis under Fla. Stat. § 48.193(1)(a)(2) it was reasonably foreseeable that when republished, it would be read by persons in Florida.

11. Venue is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claim occurred in this district: Jenkins resides and is domiciled in Pasco County, and the damage to his reputation occurred in Pasco County.

## Timeline

12. March 31, 2023: After serving on AFLDS' Oversight Committee, under the leadership of Jenkins and following the bylaws of the organization, Lewis was appointed Chairman of the Board. It was understood at the time of appointment that under AFLDS' bylaws, this was a volunteer position, without any compensation. Jenkins was appointed CEO of the organization on the same day by Lewis and the other then-members of the Board.

13. April 7, 2023: Lewis advised Jenkins that he had lost "pay" by participating in an AFLDS business trip and wanted compensation for lost salary. He also requested $15,000 per month to serve as Board Chair.

14. April 10, 2023: Lewis again requested that his voluntary Board position be transitioned into a paid position paying $180,000 per year ($15,000 per month). He was advised by outside general counsel Rachel Rodriguez that such a matter should be brought to the board, as the then-existing bylaws did not allow compensation for board members.

15. April 19, 2023: Jenkins experienced a death in his immediate family and took a leave of absence until May 2, 2023.

16. April 20 – April 28, 2023: Lewis, along with the organization's Chief Financial Officer, JoAnna Laiscell, repeatedly contacted Lauren Bradford, AFLDS' COO, and Rodriguez, to convince them to approve and fund Lewis' request for $15,000 monthly compensation.

17. Ms. Laiscell had been hired as CFO at Lewis' behest. Lewis and Laiscell were advised on several occasions by Bradford and Rodriguez that the question of his request for compensation must be brought to the board and that there would be an obvious impropriety in changing the organization's by-laws for the sole purpose of rendering compensation to Lewis without following the proper processes.

18. The pressure from Lewis and Laiscell continued until April 28, 2023, when Bradford conclusively advised that she would not agree to the request without Jenkins' approval and with review by the Board.

19. April 29, 2023: Lewis texted Jenkins: "Good morning brother. Please give me a call. Lauren says I'm already set up in the system. She was just waiting on you for the okay. I'm in a rough spot, my brother. It's been two months. Reach out. Thanks."

20. May 3, 2023: Jenkins returned from his bereavement absence and an emergency board meeting is held, which Lewis attended. Also on this day, Lewis was paid the $5,000 for costs due to his serving in the extra-directorial capacity that he had demanded since April 7, 2023.

21. May 4, 2023: Lewis again requests that Jenkins approve his request for monthly compensation and is advised that the request must be brought before the board. Lewis ceases all communication with AFLDS leadership and board members May 5, 2023.

22. May 8, 2023: Lewis failed to attend a board meeting to discuss compensation.

23. May 15, 2023: After ten days without any communication from Lewis and following multiple attempts made via leadership and board members, the board decided to remove Lewis.

24. May 18, 2023: On or about 6:47 p.m., ET, Lewis was emailed the letter advising him of the decision to remove him from the board. Approximately four hours later, Lewis sent an email with the subject

line: "An open letter from Dr. Aaron Lewis to AFLDS et al" to which was attached the Open Letter. The recipients included persons with no affiliation to AFLDS.

25. May 19, 2023: Lewis emailed the Open Letter to Richard Mack, and wrote that "You may want to share this letter with Dr. SImone Gold. [sic]." Gold controlled the Telegram Channel "Frontline Flash" through her subordinate, John Strand.

26. At the time, there was pending litigation in Arizona state court for control over the AFLDS's Board. Gold had filed the case to try to wrest control over the organization from Lewis's predecessors on the Board (case *Simone Gold v. Joseph Gilbert, et al.*, No. CV 2022-015525, Maricopa County). Following an evidentiary hearing in January 2023, that Court held in part that "[t]he contention that Gold never resigned at all is simply ridiculous" and "Gold's claim that she is Chairman of the Board of AFLDS is nonsense. Gold clearly and unequivocally resigned from the Board [in February 2022]."

27. Lewis suggested to Mack that he send the Open Letter to Gold to signal his intent to "switch sides" in the dispute and obtain a reward from Gold for his efforts by giving her a tool to use in court filings and public relations.

## The Defamatory Statements

28. The Open Letter included the following statements defaming Jenkins:

    a. "There have been more than one meeting of which I did not attend, where my name was forged or misrepresented."

       **The allegation that his name was forged or misrepresented is a lie.** During the six weeks that Lewis served as Chairman, he attended three meetings held on March 31, April 17, and May 3, 2023. All board minutes and resolutions after Rodriguez was retained as general counsel were contemporaneously signed by the attendees using Adobe Acrobat Sign, including by Lewis for the meetings he attended. Rodriguez never falsified board meeting minutes, and never forged his name or signature or misrepresented his name or signature. Lewis refused to sign any further documents or resolutions required for the operations of the foundation, including but not limited to ongoing litigation matters, from May 4, 2023, forward, and accordingly his name or signature does not appear on any

4

        document from that date onwards. He was timely made aware of all Board meetings after May 4, 2023 and did not attend them.

    b.    "Since March 31, 2023, there were more than five purported emergency meetings of which I was unaware until after the fact, all called upon by Mr. Jenkins, where board meeting minutes were falsified by Mrs. Rodriguez, who has no authority to do so but was directed by Mr. Jenkins to carry out."

        **This statement contains lies.** Lewis participated in all Board meetings from his appointment as Chairman on March 31, 2023 until May 3, 2023. Lewis was informed of but did not attend two subsequent meetings until he was terminated on May 15, 2023. Rodriguez did not falsify any board minutes, nor was she directed to do so by Jenkins.

    c.    "During that time, I witnessed unusual anxiety among non-board members, Mr. Jenkins and Attorney Rodriguez, to act without board approval, make appointments, and hold board meetings called by Mr. Jenkins, are all illegal processes and violate all board protocols."

        **This statement contains lies, half-truths, and omissions.** No new board members or officers were appointed after Lewis' May 3, 2023, approval of the two new board members. Lewis failed to attend the May 8, 2023, emergency meeting, and the emergency board meeting called for May 10, 2023, was cancelled for lack of quorum. Lastly, under AFLDS' bylaws, the CEO may call Board meetings of the directors and present business. Thus, all board meetings called by Jenkins were called under proper authority.

29.    On May 24, 2023, John Strand republished the letter on a Telegram channel called "Frontline Flash." He added defamatory commentary calling the Open Letter "a smoking gun" of "outright criminal fraud" perpetrated by "a band of grifters" that included Jenkins and ended with the question: "potential criminal referrals coming?"

## Count I—Defamation *Per Se*

30. Lewis defamed Jenkins by publishing the false statements concerning him in the Open Letter.

31. The defamatory statements in the Open Letter are reasonably understood to implicate Jenkins' moral character and professional code of ethics.

32. A reasonable reader of the Open Letter's would conclude that Jenkins committed felonies under Florida, Arizona, and federal law.

33. The Open Letter's false statements concerning Jenkins injured him in his office, occupation, and business.

34. The Open Letter's false statements concerning Jenkins imputed to him conduct characteristics incompatible with his lawful exercise of his profession.

35. The Open Letter's false statements concerning Jenkins caused serious injury to his professional and personal reputations.

36. Lewis published the Open Letter with ill will, hostility, and evil intention to defame and injure Jenkins, in full knowledge that the defaming statements were false, as retaliation for not receiving the improper salary he demanded and to gain rewards from Gold.

37. The Open Letter's statements were so obviously defamatory and damaging to Jenkins's reputation that they give rise to an absolute presumption of both malice and damages.

38. Lewis's publication of the Open Letter caused Jenkins severe emotional distress, humiliation, anxiety about his safety and well-being, significant harm to his reputation and caused him to be shunned and viewed with suspicion. He suffered and continues to suffer reputational harm for which he is entitled to an award of damages to the greatest extent permitted under law.

## Count II – Defamation by Republication

39. Jenkins realleges paragraphs 1-32, 36-37.

40. John Strand's republication of the Open Letter on the Telegram channel "Frontline Flash" appears to have been viewed over 41,100 times.

41. Upon information and belief, the post has been viewed by persons in Florida.

42. At the time of this filing, that post is still live and available at this link: https://t.me/FrontlineFlash/406

43. Lewis is responsible for the damages caused to Jenkins by this foreseeable, indeed intended, republication.

## Prayer for Relief

Wherefore, Counterclaim Plaintiff Kevin D. Jenkins prays for relief as follows:

**A.** That Aaron Lewis be permanently enjoined from making any further defamatory statements about him at any time in the future from the date of judgment until everlasting;

**B.** That Judgment be entered against Aaron Lewis, according to proof, for damages constituting—

1. General damages for all Counterclaim Plaintiff's claims of no less than $100,000;

2. In the alternative, nominal damages for Plaintiff's claims of defamation *per se*;

3. And punitive damages for all Plaintiff's claims totaling no less than $ 400,000;

**C.** For pre- and post-judgment interest thereon according to proof;

**D.** That the Court tax Defendant the costs and expenses of this action;

**E.** For attorneys' fees for this action, to the extent allowed under any claim or cause of action set forth above, according to proof; and

**F.** Any other and further relief as this honorable Court shall deem just and proper.

*[signature page follows]*

Dated: May 19, 2025

By: /s/ Jorge Schmidt
JORGE SCHMIDT
Florida Bar Nº 781711
LEGAL SCHMIDT, PLLC
7901 4th Street N #14767
St. Petersburg, Florida 33702
Telephone: (305) 902-5125
Email: jorge@spllc.law

*Counsel for Plaintiff Kevin D. Jenkins*